UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL J. WRIGHT CONSTRUCTION CO.

      Plaintiff,

      v.

EMPIRE CRANE, *et al.*,

      Defendants.

Civil Action No. 15-3706 (FLW)(DEA)

**MEMORDANDUM OPINION & ORDER**

This matter comes before the Court on Plaintiff's motion for leave to file a Third Amended Complaint ("TAC"). Plaintiff seeks to amend its factual allegations "to conform with discovery" and to direct those allegations solely to Manitex Inc. ("Manitex") and Empire Crane Company LLC ("Empire") (*i.e.*, drop its allegations against Peterbilt Motor Company ("Peterbilt")). The proposed TAC also asserts the following new causes of action: (1) negligent misrepresentation; (2) breach of the implied covenant of good faith and fair dealing; (3) common law fraud; (4) unjust enrichment; and (5) breach of express warranty (as to Empire only).

This action arises from Plaintiff's purchase of an allegedly defective "Boom Truck." In April of 2014, Plaintiff purchased a 2014 Manitex Boom Truck from Defendant Empire Crane Company. TAC, ¶¶ 118. The Boom Truck consists of various components, including a Peterbilt chassis, a Cummins engine, and a Manitex crane. *Id.* Those component parts were assembled by Manitex based upon specifications provided by Empire Crane Company, which sold the completed Boom Truck to Plaintiff. TAC ¶ 42-43.

Defendants oppose Plaintiff's motion. Both Empire and Manitex argue that Plaintiff unduly delayed in bringing its motion to amend. Manitex also argues that the proposed new causes of action against it are futile.

I.  Analysis

A.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a).  The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330 (1970).  The Third Circuit has noted that "there are three instances when a court typically may exercise its discretion to deny a Rule 15(a) motion for leave to amend: when '(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" *United States ex rel. Customs Fraud Investigations, LLC. v. Victaulic Co.*, 839 F.3d 242, 249 (3d Cir. 2016).

1.  Undue Delay

Both Defendants argue that Plaintiff unduly delayed in bringing its motion for leave to amend.  Specifically, Defendants contend that Plaintiff had the documentation upon which its amendments are based several months prior to making its motion.  This documentation includes the "Vehicle Summary" prepared by Peterbilt and the vehicle's warranty documents.  It appears undisputed that Plaintiff received the Vehicle Summary in January 2016 and certain warranty documents in December 2015.  Plaintiff filed its motion to amend on October 28, 2016.

In response to Defendants' argument, Plaintiff asserts that it did not recognize the "true significance" of the Vehicle Summary until it received Peterbilt's expert report in March 2016 and Peterbilt's Answers to Interrogatories in May 2016.  Plaintiff further argues that recent discovery showing a "pattern of similar failures" in this type of vehicle "bolsters" the basis for the proposed amendment.

Even accepting Plaintiff's contentions, Plaintiff had all of the necessary documentation upon which its new factual allegations and claims are based approximately five months prior to filing its motion.  Indeed, Plaintiff had advised the Court in August that it would be seeking to file an Amended Complaint.  Nevertheless, Plaintiff waited two more months, missing the initial October deadline for filing such a motion (because of this the Court reset the deadline to later in October).  While Plaintiff notes that there was a period where the parties were engaged in some settlement negotiations that proved to be fruitless, Plaintiff otherwise offers no reason for the several month delay in bringing the motion.  As such, the Court will deny Plaintiff's motion on the grounds of undue delay.

2.  Futility

Manitex (but not Empire) argues that Plaintiff's proposed new causes of action are futile. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility, the District Court uses "the same standard of legal sufficiency" as applied to a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  A proposed amended complaint will, therefore, be deemed futile "if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face [.]' " *See Duran v. Equifirst Corp.*, Civ. No. 09-3856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Put succinctly, the alleged facts must be sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

a. Negligent Misrepresentation Claim (against Manitex)

"Under New Jersey law, the elements of a negligent misrepresentation claim are: (1) defendant negligently made a false communications of material fact; (2) plaintiff justifiably relied upon the misrepresentation; and (3) the reliance resulted in an ascertainable loss or injury." *Elias v. Ungar's Food Prod., Inc.*, 252 F.R.D. 233, 251 (D.N.J. 2008). The TAC is devoid of allegations that Manitex made any false communications of material fact to Plaintiff that Plaintiff reasonably relied upon in purchasing the Boom Truck. As Manitex points out, it is apparent from the face of the TAC that Plaintiff did not have any dealings with Manitex at the time of purchasing the Boom Truck from Empire. Rather, any representations by made Manitex relating to the specific Boom Truck that was ultimately sold to Plaintiff (by Empire) were made to Empire, Manitex's third-party deader. Thus, the negligent misrepresentation claim against Manitex in the proposed TAC is futile.

b. Breach of Implied Covenant of Good Faith and Fair Dealing (against Manitex)

It is axiomatic that there can be no claim for breach of the implied covenant of good faith and fair dealing in the absence of a contract. *Wade v. Kessler Inst.*, 172 N.J. 327, 340 (2002); *Wilson v. Amerada Hess Corp.*, 168 N.J. 236, 244 (2001); *Bak-A-Lum Corp. v. Alcoa Bldg. Prod.*, 69 N.J. 123, 129-30 (1976). Here, the proposed TAC does not contain allegations that establish the existence of a contract between Plaintiff and Manitex. Further, to the extent that Plaintiff argues that this claim is grounded in the warranty covering the Boom Truck, such a claim would be duplicative of the breach of warranty claim already asserted. A party cannot "be found separately liable for breaching the implied covenant of good faith and fair dealing when the two asserted breaches basically rest on the same conduct." *BK Trucking Co. v. Paccar, Inc.*, No. 15-2282, 2016 WL 3566723, at *11 (D.N.J. June 30, 2016) (dismissing implied covenant claim as duplicative of breach of express warranty claim) (citing *Wade v. Kessler Inst.*, 798 A.2d

4

1251, 1261 (N.J. 2002)).  The proposed claim for breach of the implied covenant of good faith and fair dealing against Manitex is, therefore, futile.

    c.  Unjust Enrichment (against Manitex)

"To establish a claim for unjust enrichment, 'a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust.'" *Iliadis v. Wal-Mart Stores, Inc.*, 191 N.J. 88, 110 (2007).  As such, "[a] claim of unjust enrichment . . . requires that the plaintiff allege a sufficiently direct relationship with the defendant to support the claim." *Nelson v. Xacta 3000 Inc.*, 2009 WL 4119176, at *7 (D.N.J. Nov. 24, 2009).  Here, Plaintiff purchased the Boom Truck from Empire, not Manitex, and thus conferred a benefit on Empire.  Empire was a third party dealer, and the absence of a sufficiently direct relationship between Plaintiff and Manitex renders this claim futile.

    d.  Common Law Fraud (against Manitex)

"In order to succeed in an action for common law fraud, a plaintiff must show: '(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages.'" *Barows v. Chase Manhattan Mortg. Corp.*, 465 F. Supp. 2d at 366-67 (D.N.J. 2006) (quoting *Gennari v. Weichert Co. Realtors*, 148 N.J. 582 (1997).  Thus, for the same reasons that Plaintiff's negligent misrepresentation claim fails, so does Plaintiff's proposed claim for common law fraud.

Additionally, Plaintiff has failed to plead this claim with the requisite specificity under Federal Rule of Civil Procedure 9(b).  Under Rule 9(b)'s heightened pleading standard, Plaintiff must provide "the who, what, when, where and how" of the misrepresentations at issue.  *In re Rockefeller Ctr. Props. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002) (citation and internal quotation marks omitted).  Plaintiff's failure to do so renders the claim futile.

II.  Conclusion and Order

The Court, having carefully considered the submissions of the parties, decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons above,

**IT IS** on this 20th day of December 2016,

**ORDERED** that Plaintiff's motion [ECF No. 93] for leave to file a Third Amended Complaint is DENIED.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge